UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00279-FDW
3:20-cr-00057-FDW-DCK-1

| ANGEL ARRIAGA, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Amended Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 3].[1]

## I. BACKGROUND

On February 20, 2020, Petitioner Angel Arriaga ("Petitioner") was charged in a Bill of Indictment with one count of possessing and accessing with intent to view child pornography involving a prepubescent minor and a minor under age 12 in violation of 18 U.S.C. § 2252A(a)(5)(B). [CR Doc. 1: Bill of Indictment]. On July 9, 2020, Petitioner pleaded guilty to this charge. [CR Doc. 16: Acceptance and Entry of Guilty Plea; see CR Doc. 14: Plea Agreement]. On October 26, 2021, the Court sentenced Petitioner to a term of imprisonment of 120 months and lifetime term of supervised release, including Sex Offender Conditions of Supervision. [CR Doc. 28 at 2-5: Judgment]. Judgment on Petitioner's conviction was entered on November 23, 2021.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:23-CV-00279-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:20-CR-00057-FDW-DCK-1.

[Id.]. Petitioner did not file a direct appeal.

On May 12, 2023, Petitioner filed an incomplete pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1]. That is, Petitioner's motion was missing the final page, which would have included his statement of relief sought and his signature under penalty of perjury. [See id.]. The Court, therefore, ordered Petitioner to resubmit his motion under penalty of perjury. [CV Doc. 2]. Petitioner filed an Amended Motion to Vacate, signed under penalty of perjury, on June 5, 2023. [CV Doc. 3 at 12]. As grounds for relief, Petitioner argues that he received in effective assistance of counsel because (1) his attorney failed to object to the length and overly vague and broad terms of his Sex Offender Terms of Supervision, which affected a greater deprivation of liberty interests than necessary; (2) his attorney failed to inform Petitioner that the terms of his supervised release included his lifetime payment for monitoring devices; (3) his attorney "was ineffective in advising [Petitioner]" that the Sex Offender Terms of Supervision required that he provide all computer passwords to the Court and/or his probation officer, including his banking passwords; and (4) his attorney "was ineffective in advising [Petitioner]" about Sex Offender Terms of Supervision that required Petitioner to take his medications as prescribed and to "submit to risk assessments, psychological and physiological testing, which may include but is not limited to … other specific tests…."[2] [Id. at 4-5, 7-8; see CV Doc. 1 at 4-5]. For relief, Petitioner seeks modification of his terms of supervision. [Id. 12]

Petitioner addresses timeliness in his petition. [Id. at 11; see CV Doc. 1 at 11]. Petitioner asserts that he was "unable to file timely due to several mitigating circumstances." [Id.]. Plaintiff states that he was transferred from medium to low custody, that "[t]here was an extreme delay [due] to COVID restrictions," that there has been a "multitude of lockdowns" and he was unable

---

[2] Petitioner asserted only two grounds for relief in his original Motion to Vacate. [See CV Doc. 1 at 4-5]. The differences, however, are not relevant to the outcome here.

2

to access law library resources, and that his "paperwork" was lost in the transfer, and he had to request "new paperwork." [Id.].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of Section 2255(f) on December 7, 2021, when his deadline to appeal expired. Fed. R. App. P. 4(b)(1)(A); see United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires). Petitioner, however, did not file even the incomplete, unsigned motion to vacate until May 12, 2023, over a year and a half later. Thus, Petitioner's motion to vacate is untimely, see 28 U.S.C. § 2255(f)(1), unless he shows he is entitled to equitable tolling.

To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

In support of equitable tolling, Petitioner states that he was delayed in filing his petition due to COVID restrictions, lockdowns, and lost, otherwise unidentified "paperwork." Petitioner has plainly not shown that he was prevented from timely filing this motion, nor does it appear that a gross injustice would result from enforcing the limitations period against Petitioner. Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's claim is untimely under § 2255(f) and equitable tolling does not apply. The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

**IV.  CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

5

Case 3:23-cv-00279-FDW   Document 4   Filed 06/14/23   Page 5 of 6

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 13, 2023

Frank D. Whitney
United States District Judge